**SEVI, Plaintiff-Appellee, v. SEVI, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4044. Decided June 17, 1959.

Joseph A. Modarelli, Jr., Youngstown, for plaintiff-appellee.

Frank P. Anzellotti, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant, a landscape, gardener, aged seventy-seven years, appeals on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, granting divorce to plaintiff, aged sixty-three years, on the grounds of gross neglect of duty and extreme cruelty, and dividing the property of the parties.

Defendant claims by assigned grounds of error that the decision of the court is against the manifest weight of the evidence and is contrary to law; and by oral argument claims there were no grounds for divorce proven, which contention, if true, will render the judgment of divorce of the trial court contrary to law.

The parties were married in Italy in 1920, and one child, now aged over thirty years, was born as issue of such marriage.

There is evidence that the husband drank moderately, and that for more than thirty-eight years each swore at and called the other names, and fought continuously; and that plaintiff no longer wanted to live with defendant because he had a sharp tongue, as she also admittedly had.

There is evidence that the defendant did not want a divorce.

In his journal entry the trial judge, while divorcing the parties, granted the defendant the right to live under the same roof with plaintiff, and that condition exists to the present moment. In the event of

a divorce public policy is best served by requiring the parties to live entirely and completely apart.

Plaintiff testified that over the years of their marriage defendant called her names: "Well, more or less making her a no-good woman, that's all"—"well more or less a prostitute."

There is evidence that during her pregnancy and since the birth of her son defendant stated on numerous occasions, of which plaintiff had knowledge at the time, that plaintiff's son, Philip, was not his son, nor his children his grandchildren, which testimony of plaintiff is corroborated by the testimony of witness Joseph DeSantis.

Certainly such evidence constituted grounds for divorce at the time of the occurrence of defendant's misconduct. But plaintiff condoned such conduct of her husband by continuing to live with him as his wife until shortly before she filed her petition for divorce on January 23, 1958.

The following testimony of the wife of the son, Philip Sevi, whose paternity defendant disputes, is enlightening:—

"Well, as to his age and all, I want to say, of course, he keeps a very good home and all, but all this trouble mostly is because he wants—he doesn't consider his son as his own, and he wants to leave whatever he has got to his nephew, and that is why she, Mrs. Sevi, is coming to court here for a divorce, to keep him from doing that, because she doesn't believe it is right, because he has got an only child, and why does he want to leave everything he has got to somebody else?"

Plaintiff's conduct is such as to make applicable the holding in **Keath v. Keath, 78 Oh Ap 517,** syllabus 3, that:—

"The so-called 'doctrine of comparative rectitude' does not prevail in this state, and where each of the spouses has been guilty of misconduct which is cause for divorce, neither is entitled to a divorce."

A careful review of the evidence fails to disclose any present well established grounds for divorce. This compels us to reverse the judgment of the trial court and dismiss the plaintiff's petition for divorce.

GRIFFITH, PJ, DONAHUE, J, concur.

## CONCURRING OPINION

By DONAHUE, J.

I concur with the judgment and opinion of my associates. However, I would like to point out an additional matter of record.

A court speaks through its journal, of course. In this case the journal entry grants the divorce on the statutory grounds of gross neglect of duty and extreme cruelty. We have decided that these grounds do not exist. I submit that the journal is not the true reflection of the trial judge's own feeling in the matter.

The trial judge expressed his opinion on page 147, lines sixteen and seventeen, bill of exceptions, at the close of all testimony, in which he said:—

"I should grant a divorce here because these people will never live together. * * *"

Nothing more appears on the record as to the reason for granting the divorce.

Nowhere in the Ohio state statutes, or Ohio cases, can we find a

cause for divorce supported by the mere fact that the parties "will never live together," and this would appear to be the trial judge's real reason for granting the divorce.

I agree that the judgment should be reversed.